8 F.3d 809
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 BANK OF NEW ENGLAND ESSEX, F/K/A, ESSEXBANK, Plaintiff, Appellee,
v.
MV BOBCAT, O.N. 517619, ETC., ET AL., Defendants, Appellees,
Paul A. SEKENSKI, JR., Defendant, Appellant.
 
 No. 91-1032.
 United States Court of Appeals,
First Circuit.
 November 5, 1993
 Appeal From the United States District Court for the District of Massachusetts
 Carroll E. Ayers on brief for appellant.
 Ann S. Duross, Assistant General Counsel, Richard J. Osterman, Jr., Senior Counsel, and Daniel H. Kurtenbach, Counsel, Federal Deposition Insurance Corporation, on brief for appellee.
 D.Mass.
 DISMISSED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Paul Sekenski, Jr., appeals the denial by the district court of his motion for reconsideration. We find that we have no jurisdiction to hear this appeal.
 
 
 2
 * This case began in December 1988 when the Bank of New England Essex [Bank] filed an admiralty and maritime claim against the vessel MV Bobcat, in rem, and against Northeast Atlantic Transport, Ltd. [NAT], and Paul Sekenski, in personam. The Bank sought collection on a promissory note made by NAT, foreclosure on a mortgage on the vessel that secured the note, and judgment against Sekenski who had personally guaranteed NAT's obligation. Sekenski filed a counterclaim in December 1988.
 
 
 3
 In March 1990, the district court granted summary judgment to the Bank on its affirmative claims. In October 1990, the court granted summary judgment to the Bank against the counterclaim. Sekenski's motion for reconsideration was denied. In December 1990, Sekenski filed a notice of appeal from the order denying reconsideration. After the appeal had been filed, the Federal Deposit Insurance Corporation [FDIC] was appointed receiver for the Bank. In March, the FDIC as receiver moved this court for a stay of appeal
 
 
 4
 unless, and until, the claims against the Bank of New England, N.A .... have been duly presented to and disallowed by the FDIC, as Receiver of the Bank of New England, N.A., pursuant to [12 U.S.C. § 1821(d)(3), (5), (6), and (13)(D) ].
 
 
 5
 The motion also noted that "this Court has no subject matter jurisdiction to adjudicate the [claims] unless, and until, the claimant has completed the claims process."
 
 
 6
 In an order dated April 16, 1991, this court ordered a stay of "appellate proceedings until appellant's claim has been presented to and disallowed by the FDIC, see 12 U.S.C. § 1821(d)." On July 20, 1993, in accordance with Sekenski's request, this court ordered the appeal to proceed in the normal manner. The FDIC now represents, and Sekenski has not denied, that Sekenski never filed an administrative claim with the FDIC.
 
 II
 
 7
 The Federal Institutions Reform and Recovery Act [FIRREA] governs the filing, determination and payment of claims made against the assets of a failed institution after the FDIC has been appointed receiver. Anyone with a claim against the assets of a failed institution must submit an administrative claim to the FDIC within a prescribed period. 12 U.S.C. § 1821(d)(5)(C). This includes those who are "continu[ing] an action commenced before the appointment of the receiver." 12 U.S.C. § 1821(d)(6)(A). "[P]articipation in the administrative claims review process [is] mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver." Marquis v. Federal Deposit Ins. Corp., 965 F.2d 1148, 1151 (1st Cir. 1992) (footnote and citations omitted). "Failure to participate in the administrative claims process is a 'jurisdictional bar' to judicial review." Heno v. Federal Deposit Ins. Corp., 996 F.2d 429, 432 (1st Cir. 1993); 12 U.S.C. § 1821(d)(13)(D).
 
 
 8
 Sekenski was given notice, as required by the statute, by publication and by mailing, 12 U.S.C. § 1821(d)(3)(B)-(C), that he must comply with the administrative claims process. The order of this court granting a stay in this case also cited 12 U.S.C. § 1821(d) and granted the stay "until appellant's claim has been presented to and disallowed by the FDIC." Since Sekenski failed to comply with the administrative claims process, we are without jurisdiction to hear his appeal. See Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103, 106 (10th Cir. 1991) (court has no jurisdiction over counterclaim because "Mustang's right to continue pursuing its pending lawsuit is dependent upon its compliance with FIRREA's claims procedure").
 
 
 9
 The appeal is dismissed for lack of subject matter jurisdiction.